c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE BROWN, Plaintiff | CIVIL ACTION NO. 1:22-CV-00133 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(1) Partial Motion to Dismiss for Lack of Jurisdiction (ECF No. 8) filed by Defendants the United States of America (the "Government") and John M. Barnes ("Barnes") (collectively, "Defendants"). Defendants seek the dismissal of Barnes on the basis that the Government is the only proper party. They also request that Brown's demand for prejudgment interest be stricken. Brown did not oppose.

Because Barnes is not a proper defendant in a claim brought under the FTCA, and because prejudgment interest is impermissible under the FTCA, the Defendants' Rule 12(b)(1) Partial Motion to Dismiss (ECF No. 8) should be GRANTED.

I. Background

Brown filed a Complaint under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.* against the Government, through its

agency the United States Postal Service ("USPS"), and Barnes.[1]  ECF No. 1.  Brown seeks monetary damages for personal injuries sustained from the alleged negligent or wrongful acts of Barnes while in the course and scope of his employment.  *Id.* at 1.

On January 31, 2020, Brown was walking along a private driveway in Alexandria, Louisiana when he was allegedly struck by a USPS vehicle driven by Barnes.  *Id.* at 2.  Brown asserts Barnes was negligent and that the Government is liable through vicarious and/or respondeat superior liability.  *Id.*  Brown seeks compensatory damages, together with "the maximum legal interest from the date of judicial demand, until paid[.]"  *Id.* at 4.

Defendants filed this Rule 12(b)(1) Partial Motion to Dismiss (ECF No. 8), asserting the Government is the only proper defendant, seeking the dismissal of Barnes, and seeking to strike Brown's demand for prejudgment interest against the Government.  ECF No. 8.  Thereafter, the Government filed its Answer and affirmative defenses.  ECF No. 10.

Brown did not respond.

## II. Law and Analysis

### A. Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.

---

[1] Brown filed a Standard Form 95 with the USPS National Tort Center for his administrative tort claim.  ECF Nos. 1 at 2, 1-1 at 2.  Brown alleges all conditions and prerequisites under 28 U.S.C. § 2675 have been met as it has been more than six months from the filing of his administrative tort claim and the USPS National Tort Center has neither accepted nor rejected his claim.  *Id.*

2

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d at 287. "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.*

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). However, under Rule 12(b)(1), a district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

    **B.**    <u>**Barnes should be dismissed as the Government is the only proper party to an FTCA claim.**</u>

The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *McMahon v. United*

3

*States*, 342 U.S. 25 (1951). The FTCA waives the United States's sovereign immunity and provides an exclusive cause of action against the federal government for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, where the United States, if a private person, would be liable to the claimant in accordance with the law of the place whether the act or omission occurred. 28 U.S.C. §§ 1346(b), 2671-2780.

"[A] suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citing 28 U.S.C. § 2679). However, "courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act." *Galvin*, 860 F.2d at 183. The United States – not the responsible agency or employee – is the proper party defendant in a lawsuit brought under the FTCA. *Robertson v. United States Coast Guard*, 2017 WL 4764355, at *2 (E.D. La. Oct. 20, 2017) (citing *Galvin*, 860 F.2d at 183 (5th Cir. 1988)). FTCA claims against a federal agency or employee rather than United States itself must be dismissed for lack of subject matter jurisdiction. *Id*.

Where – as here – the United States has already been named as a defendant, the proper procedure is to dismiss the individual defendant. *See Robinson v. Durney*, 2007 WL 2479660, at *2 (W.D. La. Jul. 26, 2007) (citing 28 U.S.C. § 2679(d)).

    C.    <u>Prejudgment interest is impermissible under the FTCA.</u>

In addition to damages, Brown seeks "the maximum legal interest from the date of judicial demand, until paid[.]" *Id.* at 4. An award of prejudgment interest is not permitted in cases brought against the United States under the FTCA. *See* 28 U.S.C. § 2674 ("[t]he United States . . . shall not be liable for interest prior to judgment"); *accord Williams v. U.S. Postal Serv.*, No. 08-5040, 2009 WL 1402234, at *1 (E.D. La. May 14, 2009) (citing *Lucas v. United States*, 807 F.2d 414, 423 (5th Cir. 1986)).

Thus, Brown is not entitled to recover interest prior to judgment and his demand for prejudgment interest should be stricken.

### III. <u>Conclusion</u>

Because Barnes is not a proper defendant in a claim brought under the FTCA, and because prejudgment interest is impermissible under the FTCA;

IT IS RECOMMENDED that Defendants' Rule 12(b)(1) Partial Motion to Dismiss (ECF No. 8) be GRANTED, and that Brown's FTCA claims against Barnes be DISMISSED WITHOUT PREJUDICE and that Brown's demand for prejudgment interest be stricken.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __5th__ day of December 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE